IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.                                                              CRIMINAL NO. 1:06cr130LG-JMR

ROSE M. CROSBY

**ORDER**

This cause is before the Court on the *in limine* motion of the defendant, Rose M. Crosby, to require the United States to elect [11-1] to proceed under either Counts 1, 2, 3, 4, or 5 because the counts are multiplicious and to dismiss the counts the United States elects to abandon. Crosby contends that the charges against her are tantamount to being charged with a lesser included offense. (Ct. R., Doc. 11, p. 2.) Crosby asserts that the proof for each of the charges is the same. (*Id.*)

Crosby is charged in a five-count indictment with violations of 18 U.S.C. §§ 641, 287, 1001 and 1341. (Ct. R., Doc. 1.) Crosby is charged in Count 1 with making a claim to the Federal Emergency Management Agency [FEMA] on or about September 25, 2005, aided and abetted by others, which she knew the claim to be false, fictitious and fraudulent in violation of 18 U.S.C. §§ 2 and 287. (*Id.*, p. 1.) She is charged in Count 2 with willfully making or causing to be made a false and fraudulent material statement in filing a disaster assistance claim in which she represented that her primary residence was 1664 Beach Boulevard, Apt. 235, Biloxi, Mississippi; and that her residence and personal property located in the residence sustained damage in Hurricane Katrina, when in fact this was not her primary residence at the time of Hurricane Katrina, in violation of 18 U.S.C. §§ 2 and 1001. (*Id.*, p. 2.)

Crosby is charged in Count three with receiving Hurricane Katrina disaster relief benefits from FEMA on or about September 2005 through October 2005, to which she knew she was not entitled thereby stealing, purloining, and knowingly converting to her own use or the use of another greater than $1,000 in funds belonging to the United States of America in violation of 18 U.S.C. § 641.  (*Id.*)  Finally, Counts 4-5 charge Crosby, aided and abetted by others, with intentionally devising and carrying out a scheme to defraud FEMA to obtain money and property by means of materially false and fraudulent representations, pretenses and promises, in using and causing to be used the United States Mails for the purpose of executing the scheme and attempting to do so.  (*Id.*)  Specifically, the indictment charges that on or about September 26, 2005, through on or about October 15, 2005, Crosby knowingly caused to be sent or delivered by the United States Postal Service each of the following items which constitute a separate count of the indictment:  Count 4-Disaster Assistance Check number 222123680726, dated September 26, 2005, in the about of $2,000.00; and Count 5-Disaster Assistance Check number 222174626696, dated October 15, 2005, in the amount of $2,358.00.  (*Id.*)

The United States asserts that the indictment is not multiplicious.  (Ct. R., Doc. 12, p. 1.)  Each of the charges in this case requires proof of different elements and facts which is not required in the other charges, according to the United States.  (*Id.*, p. 3.)

Multiplicity occurs when a single offense is charged in more than one count in an indictment, which "may falsely suggest to a jury that a defendant has committed not one but several crimes."  *United States v. Watt*, 911 F. Supp. 538, 548 (D. D.C. 1995) (quoting *United States v. Claridge*, 811 F. Supp. 697, 702 (D. D.C. 1992)).  The test for determining whether the same act or transaction constitutes two offenses or one is whether conviction under each statutory

provision requires proof of an additional fact which the other does not. *United States v. Free*, 574 F.2d 1221, 1224 (5th Cir. 1978), *cert. denied* 439 U.S. 873. "If one element is required to prove the offense in one count which is not required to prove the offense in the second count, no multiplicity exists." *United States v. Maggitt,* 784 F.2d 590, 599 (5th Cir. 1986).

The indictment in this case establishes that there is not multiplicity of counts charged against Crosby, because the counts constituted charges based on separate criminal acts. The Court finds no reason to require the United States to elect to proceed under either Counts 1, 2, 3, 4, or 5 and to dismiss any remaining the counts. This conclusion results in a finding that the motion to suppress should be denied. It is therefore,

**ORDERED AND ADJUDGED** that the motion to require the United States to elect [11-1] to proceed under either Counts 1, 2, 3, 4, or 5 and to dismiss any remaining counts be, and is hereby, denied.

**SO ORDERED AND ADJUDGED** this the 25th day of January, 2007.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE